IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

POTOMAC REALTY           )
CAPITAL, LLC,            )
                        )
    Plaintiff,       )
                        )
v.                      )      Case No.:  2:08-cv-204-MEF-SRW
                        )
STEVEN GREEN,           )
                        )
    Defendant.       )
                        )

_____

## MOTION TO STRIKE
_____

      In response to the Court's Show Cause Order, Plaintiff Potomac Realty Capital, LLC ("Potomac") respectfully submits the following Motion to Strike the Motion to Quash Service of Summons and Compliant and Deny Entry of Default Judgment (the "Motion") filed by Defendant Steven Green ("Defendant") on April 22, 2008:

      1.    Potomac commenced this action against Defendant on March 25, 2008.

      2.    Clerk records reflect that the Defendant was duly served with a copy of the summons and complaint by certified mail on March 28, 2008.

3.     Defendant failed to plead or otherwise defend this action.

4.     Therefore, Potomac filed an Application for Entry of Default after twenty (20) days elapsed with no response from Defendant.

5.     Then, on April 22, Defendant filed the Motion alleging he failed to respond because he is incompetent.  See Motion ¶ 3.  However, Defendant did not allege he has been adjudicated non compos mentis, nor has nor has he has offered any proof to substantiate this claim.  See Hester v. Hester, 474 So. 2d 734, 736 (Ala. Civ. App. 1985) ("[T]he law presumes every person to be sane and casts the burden of establishing the basic matter of incompetence on the one asserting it . . . [T]he movant must show by a preponderance of the evidence that the person was non compos mentis.  The term "non compos mentis" does not necessarily denote a total destruction of the intellect, but there must be at least such severe impairment of the mental faculties as to make the movant incapable of protecting himself or of managing his affairs.") (internal citations omitted).

6.     However, Defendant, through counsel, appeared to oppose Potomac's Application for Entry of Default by filing the Motion.  See Motion ("Defendant Steven Green . . . respectfully requests . . . .").  Defendant did not appear by a guardian, conservator, or other such fiduciary.  See FED. R. CIV. P. 17(c) (requiring that an incompetent person be represented by either a general guardian, a committee, a conservator, a like fiduciary, or lacking any of the

foregoing, through a next friend or guardian ad litem).  See also ALA. R. CIV. PRO. 17 (c) ("Whenever an incompetent person has a representative such as a general guardian or a like fiduciary, the representative may  . . . defend in the name of the incompetent person.") and New York Life Ins. Co v. V.K., 711 N.Y.S.2d 90, 92 (N.Y. Civ. Ct. 1999) (quoting N.Y. C.P.L.R. § 1201 (1997) ("A person shall appear by his guardian ad litem . . . if he is an adult incapable of adequately prosecuting or defending his rights.").

7.    By appearing through counsel and filing the Motion, Defendant has represented that he is capable of understanding the legal proceedings to which he is a party.  Thus, he cannot be considered incompetent.

8.    In the alternative, if Defendant is deemed incompetent, then he is not capable to file motions.  See FED. R. CIV. P. 17(c).  See also Blacks' Law Dictionary 780 (8th ed. 2004) (defining "incompetence" as "the state or fact of being unable or unqualified to so something," and "incompetency" as "lack of legal ability in some respect.")

9.    Thus, the Defendant's Motion is due to be stricken. Consequently, Potomac's Application for the entry of default should be considered unopposed and, therefore, granted.

WHEREFORE, PREMISES CONSIDERED, Potomac Realty Capital, LLC respectfully requests that this Court strike the Motion to Quash Service of

Summons and Compliant and Deny Entry of Default Judgment (the "Motion") filed by Defendant Steven Green ("Defendant") and grant the Application for Entry of Default Judgment filed by Potomac.  Potomac Realty Capital, LLC further requests such other additional relief to which it is entitled.

Respectfully submitted the 28th day of April, 2008,


/s/ Kerry P. McInerney
Kerry P. McInerney (ASB 7857-N75K)
Robin L. Beardsley (ASB 7270-I63B)
Attorney for Plaintiff,
Potomac Realty Capital, LLC


**OF COUNSEL:**

Sirote & Permutt, P.C.
2311 Highland Avenue South
Birmingham, Alabama  35205
(205) 930-5100 (Telephone)
(205) 930-5101 (Facsimile)
kmcinerney@sirote.com
rbeardsley@sirote.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on this 28th day of April 2008 that I have electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

> Paul Clark
> Joseph Seawell Moore
> Balch & Bingham LLP
> Post Office Box 78
> Montgomery, AL 36101-0078
> (334) 834-6500
> (334) 269-3115 (fax)

/s/ Kerry P. McInerney
OF COUNSEL