**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| POTOMAC REALTY CAPITAL, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.: CV 08-204 |
| MARY GREEN, as GUARDIAN and PERSONAL REPRESENTATIVE FOR STEVEN GREEN, an individual | ) ) ) ) ) | |
| Defendant. | ) | |

___

**AMENDED COMPLAINT**
___

Plaintiff Potomac Realty Capital, LLC ("Plaintiff") respectfully submits the following Amended Complaint against Defendant, Mary Green, as Guardian and Personal Representative for Steven Green, an individual("Green"), to replace and supersede the previous Complaint filed by Plaintiff against Green:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff is a Delaware limited liability company which was formed under the laws of the State of Delaware and which has its principal place of business in the State of Massachusetts. Plaintiff is therefore a citizen of the States of Delaware and Massachusetts. *See* 28 U.S.C. § 1332(c)(1).

2. Upon information and belief, Green is an unmarried citizen of the State of New York over the age of nineteen years.

3. Upon information and belief, Mary Green was duly appointed by a court of competent jurisdiction as the legal guardian and personal representative of Green.

4. The amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

5. Thus, this Court possesses federal diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

6. Venue is proper in this District because the facts, circumstances, and transactions underlying this action substantially occurred in this District and because real property partly made the subject of this action is located within this District.

7. In addition, as more fully set forth below, Plaintiff and Green executed a contract containing a forum and venue selection clause designating this District as the proper venue for the adjudication of any dispute between the parties relative to the real property, facts, circumstances, and transactions underlying this action and said contract.

## COUNT ONE
**(Breach Of Contract—Deficiency)**

8. Plaintiff adopts and incorporates by reference, as if fully set forth herein, all allegations and averments contained in the preceding numbered and unnumbered paragraphs.

9. On or about April 21, 2006, Gaslight Commons Apartments Co., LLC ("Gaslight") obtained a loan (the "Loan") from Plaintiff to finance Gaslight's purchase of a residential apartment building located in Montgomery, Alabama within this District (the "Property").

10. In connection with that transaction, Plaintiff, Gaslight, and Green negotiated, entered into, executed, and delivered to Plaintiff written documents and agreements (the "Loan Documents").

11. Among the Loan Documents was a Promissory Note (the "Note"), Mortgage, and Indemnity and Guaranty Agreement which Green entered into and executed on or about April 21, 2006 (the "Guaranty"). True, correct, and authentic copies of the Note, Mortgage, and Guaranty are respectively attached as Exhibits "A", "B", and "C" and are incorporated herein by reference.

12. Pursuant to the Guaranty, Green promised to guaranty the performance of Gaslight under the Note, Mortgage, and other Loan Documents. *See* Exh. A.

13. In addition, the Guaranty provides that, among other things, in the event of a dispute between Green and Plaintiff concerning the Loan or the Property, that Green "submits to personal jurisdiction in the state where the Property is located" and that "any such action, suit or proceeding may be brought in any state or federal court of competent jurisdiction sitting in the county where the Property is located". *See* Exh. A.

14. Subsequent to the execution by Plaintiff, Green, and Gaslight of the Loan Documents, Gaslight defaulted on the Loan by, among other things, failing to make the installment payments required by the Loan Documents when the same became due and payable and causing or allowing to be caused significant and substantial physical waste to the Property.

15. Thereafter, on or about January 3, 2008, Plaintiff lawfully and without objection foreclosed its secured interest in and to the Property evidenced by the properly executed and recorded Mortgage and related security instruments executed by Plaintiff and Gaslight and included among the Loan Documents.

16. As a direct and proximate consequence of the physical waste to the Property, the value of the Property at the time of the foreclosure had substantially diminished from the Loan amount, resulting in a deficiency balance owed by Green to Plaintiff.

17. Therefore, Green owes Plaintiff the damages incurred by Plaintiff at the time of foreclosure, and which Plaintiff continues to incur, as set forth below and as provided by the Note, Mortgage, Guaranty and other Loan Documents.

18. Said damages include a deficiency balance of $3,265,000, accrued and unpaid interest and fees beginning on the date of default through March 31, 2008 in the amount of $1,143,532.24, future accruals of interest beginning on April 1, 2008 in the amount provided by the Loan Documents, plus reasonable attorney's fees in the amount of 15% of the foregoing total balance and plus costs of court, as called for by the Loan Documents.

19. Said damages further include costs and fees which Plaintiff incurred after the date of the foreclosure to carry on the operations of the residential apartments at the Property in the amount of $142,126.57.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Green in the amount of $3,265,000, plus accrued and unpaid interest and fees in the amount of $1,143,532,24, plus future accruals of interest beginning on April 1, 2008 in the amount provided by the Loan Documents, plus carry costs in the amount of $142,126.57, plus reasonable attorney's fees in the amount of 15% of the foregoing total balance and plus costs of court, as called for by the Loan Documents, plus post-judgment interest until paid in full. Plaintiff further demands such additional, appropriate relief to which it may be entitled.

## COUNT TWO
**(Breach Of Contract—Waste and Rents Due)**

20. Plaintiff adopts and incorporates by reference, as if fully set forth herein, all allegations and averments contained in the preceding numbered and unnumbered paragraphs.

21. In addition to the breaches of the Note, Mortgage, and Guaranty set forth above, Green further breached the Loan Documents without cause or justification by, among

other things, failing to ensure against the commission of physical waste in and to the Property and by failing to collect and remit rents for residential apartment units within the Property to Plaintiff as required by the Loan Documents.

22. Indeed, Green caused or failed to prevent significant waste which substantially damaged the condition and habitability of some or all of the Property prior to Plaintiff's foreclosure.

23. As a natural, proximate, and direct result of Green's breaches of the Guaranty, Plaintiff has been damaged and continues to incur damages.

24. Said damages include $288,809.50 of rents and leases which Green failed to collect and remit to Plaintiff when due and owing pursuant to the Loan Documents and $4,606,810.00 in costs which Plaintiff has incurred and continues to incur to restore some or all of the Property to a habitable condition by repairing the significant physical waste which Green caused or permitted to be caused to the Property.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Green in the amount of $4,895,619.50, plus reasonable attorney's fees in the amount of 15% of the foregoing total balance due and plus costs of Court as provided by the Guaranty and Loan Documents, plus post-judgment interest until paid in full. Plaintiff further demands such additional and appropriate relief to which it may be entitled.

Respectfully submitted,

/s/ Kerry P. McInerney
Kerry P. McInerney (ASB 7857-N75K)
Robin L. Beardsley (ASB 7270-I63B)
Attorneys for Plaintiff,
Potomac Realty Capital, LLC

**OF COUNSEL:**

Sirote & Permutt, P.C.
2311 Highland Avenue South
Birmingham, Alabama 35205
(205) 930-5100 (Telephone)
(205) 930-5101 (Facsimile)
kmcinerney@sirote.com
rbeardsley@sirote.com

**PLEASE SERVE THE DEFENDANT**
**BY CERTIFIED MAIL AS FOLLOWS:**

Mary Green, as Guardian and Personal
  Representative of Steven Green, an individual
c/o John Murray, Esq.
Steckler, Gutman, Morrissey & Murray
11 Edgewood Lane
Purchase, New York 10577