IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

POTOMAC REALTY CAPITAL, LLC, )
)
)
    Plaintiff, )
)
vs. ) CASE NO. 2:08-cv-204-MEF-SRW
)
MARY GREEN, as GUARDIAN and )
PERSONAL REPRESENTATIVE FOR )
STEVEN GREEN, an individual, )
)
    Defendant. )

## ANSWER TO AMENDED COMPLAINT

Defendant Mary Green, as Guardian and Personal Representative for Steven Green ("Green") responds as follows to Plaintiff's Amended Complaint ("Complaint"):

### PARTIES, JURISDICTION AND VENUE

1. Green is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and, therefore, denies those allegations.

2. Admitted.

3. Admitted.

4. Paragraph 4 of the Complaint calls for a legal conclusion; therefore, no response is required from Green.

5. Paragraph 5 of the Complaint calls for a legal conclusion; therefore, no response is required from Green.

6. Paragraph 6 of the Complaint calls for a legal conclusion; therefore, no response is required from Green.

193679

7.  Green admits that Plaintiff and Green entered into a contract. Green denies the remaining allegations of Paragraph 7 to the extent that Plaintiff's allegations seek to characterize the contents of that document and/or its legal effect and/or viability.

## **COUNT ONE**

8.  Green incorporates by reference his responses to paragraphs 1-7 of the Amended Complaint.

9.  Admitted.

10. Green admits that certain documents were "negotiated, entered into, executed, and delivered to Plaintiff." Green denies the remaining allegations of Paragraph 10 to the extent that Plaintiff seeks to identify those documents without specifically listing the documents it references. Green further denies the remaining allegations of Paragraph 10 to the extent Plaintiff seeks to assert the legal effect and/or viability of those documents.

11. Green admits that certain documents were executed in connection with the transaction referenced in Paragraph 9 and that the copies of the documents attached to the Complaint are true and correct. Green denies the remaining allegations of Paragraph 11 to the extent the Plaintiff seeks to assert the legal effect and/or viability of those documents.

12. Green admits that a Guaranty was executed in connection with the transaction referenced in Paragraph 9. Green denies the remaining allegations of Paragraph 12 to the extent the Plaintiff seeks to assert the legal effect and/or viability of that document.

13. Green denies the allegations of Paragraph 13 to the extent the Plaintiff seeks to summarize or characterize the Guaranty as the Guaranty document clearly speaks for itself. Green further denies the allegations of Paragraph 13 to the extent that Plaintiff seeks to assert the legal effect and/or viability of the Guaranty.

14. Green admits that Plaintiff gave notice of default to Gaslight Commons Apartments Co., LLC and that notice was made subsequent to the execution of loan documents. Green denies the remaining allegations of Paragraph 14.

15. Green admits that Plaintiff foreclosed on its security interest in and to the property. Green denies the remaining allegations of Paragraph 15 to the extent the Plaintiff seeks to assert the legal effect and/or viability of the documents referenced therein.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

Green denies that Plaintiff is entitled to any relief from him in this matter, including the relief requested in the unnumbered paragraph beginning "WHEREFORE" following Paragraph 19.

## COUNT TWO

20. Green incorporates by reference his responses to paragraphs 1-19 of the Amended Complaint.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

Green denies that Plaintiff is entitled to any relief from him in this matter, including the relief requested in the unnumbered paragraph beginning "WHEREFORE" following Paragraph 24.

## **AFFIRMATIVE DEFENSES**

1. Green denies each and every allegation in Plaintiff's Complaint that is not expressly admitted herein and denies that Plaintiff is entitled to the relief requested.

2. The Complaint fails to state a claim against Green upon which relief can be granted.

3. The Complaint fails to provide a definite enough statement to place Green on notice of the nature of the claims against it.

4. Plaintiff's claims against Green are barred by the applicable statutes of limitations.

5. Plaintiff's claims are barred because it sustained no compensable damages as a result of any action or conduct by Green alleged in the Complaint.

6. The losses complained of, if any, were not caused by any act, omission, or conduct of Green.

7. Any purported damages allegedly suffered by Plaintiff are the result of acts or omissions of third persons over whom Green had neither control nor responsibility.

8. Plaintiff was contributorily negligent.

9. Any alleged damages sustained by Plaintiff was, at least in part, caused by the actions of Plaintiff or resulted from Plaintiff's own negligence, which equaled or exceeded any alleged negligence or wrongdoing by Green.

10. Any recovery is barred, or must be reduced, by principles of laches, unclean hands, lack of standing, release, consent, acquiescence, ratification, waiver, and/or estoppel.

11. Any recovery is barred, or must be reduced, pursuant to the doctrine of in pari delicto.

12. Any recovery is barred pursuant to the doctrine of accord and satisfaction.

13. Any recovery for breach of contract is barred by Plaintiff's prior material breach of contract.

14. Any recovery is barred, or must be reduced, as a proximate result of Plaintiff's failure to mitigate any alleged damages.

15. Any recovery is barred, or must be reduced, because of superseding or intervening acts or causes.

16. Plaintiff's claims are barred by the doctrines of res judicata or collateral or judicial estoppel.

17. Any recovery against Green is barred, or must be reduced, because of the actions or conduct of others.

18. Green pleads recoupment and setoff.

19. Green violated no duty owed to the Plaintiff.

20. Green reserves the right to assert additional affirmative defenses to the extent warranted by discovery and the factual developments in this case.

                                                   s/Joseph Seawell Moore
                                                   One of the Attorneys for Defendant

**OF COUNSEL:**
Paul Clark (CLA076)
Joseph Seawell Moore (MOO106)
Balch & Bingham LLP
Post Office Box 78
Montgomery, AL 36101-0078
334/834-6500
334/269-3115 (fax)

## CERTIFICATE OF SERVICE

      I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing and/or that a copy of the foregoing has been served upon the following by placing a copy of same in the United States mail, properly addressed and postage prepaid, on this 16th day of July, 2008:

Kerry P. McInerney
Robin L. Beardsley
Sirote & Permutt, P.C.
2311 Highland Avenue South
Birmingham, AL  35205

                                            s/Joseph Seawell Moore
                                            Of Counsel