IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| POTOMAC REALTY CAPITAL, LLC, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No.: 2:08-CV-204-MEF-WC ) |
| MARY GREEN, as GUARDIAN and PERSONAL REPRESENTATIVE for STEVEN GREEN, an individual, | ) ) ) ) ) |
| Defendant. | ) ) |

## BRIEF IN SUPPORT OF POTOMAC REALTY CAPITAL, LLC'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Potomac Realty Capital, LLC (hereinafter "Potomac") submits the following Brief in Support of its Motion for Summary Judgment:

### INTRODUCTION

Potomac loaned $11,000,000 to the single purpose entity known as Gaslight Commons Apartments Co., LLC, (hereinafter "Gaslight") for the purpose of refinancing Gaslight's ownership and operation of a residential apartment building in Montgomery, Alabama. Defendant Mary Green (hereinafter "Defendant") serves as guardian and personal representative for Steven Green

DOCSBHM\1571864\5\

(hereinafter "Green"), an incapacitated individual. Green is the sole member of Gaslight. As such, Green executed loan documents, including a promissory note and mortgage, on behalf of Gaslight. Green also executed a personal guaranty under which he agreed to guarantee the obligations of Gaslight under the loan documents.

Not only did Green default on the loan by, among other things, failing to make payments required by the loan documents when the same became due and payable (including after the loan fully matured by its own terms), Green also caused and/or allowed to be caused physical waste to the apartment building which secured the note. As a result, when Potomac foreclosed on the apartment building, its value had decreased significantly and the amount recouped by Potomac through the foreclosure process was insufficient to satisfy the amount owed under the note. Potomac foreclosed on the note without objection by Gaslight or Green. Potomac now seeks a judgment against Green for his liability for the deficiency balance on the loan as well as the costs to repair the waste to the property. For the reasons discussed herein, Potomac is entitled to such a judgment as a matter of law because genuine issues of material fact do not exist.

## NARRATIVE SUMMARY OF UNDISPUTED FACTS

1. On April 21, 2006, Green, personally and as the sole member of a single-purpose limited liability company, Gaslight Commons Apartments, LLC

(hereinafter "Gaslight"), entered into a loan transaction with Potomac. *Ex. 4,* Declaration of Anna Collins at ¶ 5.[1]

2. Gaslight obtained the loan for the sole purpose of refinancing the ownership and operation of a residential apartment building in Montgomery, Alabama (hereinafter the "Property") and Gaslight mortgaged the Property to Potomac to secure the indebtedness created by the loan. *Ex. 4,* Declaration of Anna Collins at ¶¶ 5 -7.

3. In connection with this transaction, Potomac, Gaslight, and Defendant Steven Green negotiated, entered into, executed, and delivered to Potomac written documents and agreements (the "Loan Documents"). *Ex. 4,* Declaration of Anna Collins at ¶ 6.

4. Among the Loan Documents was a Promissory Note (the "Note"), Mortgage, and Indemnity and Guaranty Agreement (the "Guaranty") which Green entered into and executed on or about April 21, 2006. True, correct, and authentic copies of the Note, Mortgage, and Guaranty are respectively attached as Exhibits "1," "2" and "3" to Potomac's Notice of Filing Evidentiary Submissions in Support of Motion for Summary Judgment filed contemporaneously herewith.

---

[1] All references to exhibits are to the exhibits attached to Potomac's Notice of Filing Evidentiary Submissions in Support of Motion for Summary Judgment, filed contemporaneously herewith.

5.      Pursuant to the Guaranty, Green promised to guarantee the performance of Gaslight under the Note, Mortgage, and other Loan Documents. *See Exhibit 3.*

6.      Subsequent to the execution by Potomac, Green, and Gaslight of the Loan Documents, Gaslight defaulted on the Loan by, among other things, failing to make the installment payments required by the Loan Documents when the same became due and payable and causing or allowing to be caused significant and substantial physical waste to the Property. *Ex. 4,* Declaration of Anna Collins at ¶ 9.

7.      Thereafter, on or about January 3, 2008, Potomac lawfully and without objection foreclosed its secured interest in and to the Property evidenced by the properly executed and recorded Mortgage and related security instruments executed by Potomac and Gaslight and included among the Loan Documents. *See Ex. 4,* Declaration of Anna Collins at ¶ 10.

8.      As a direct and proximate consequence of the physical waste to the Property, the value of the Property at the time of the foreclosure had substantially diminished from the loan amount, resulting in a deficiency balance owed by Green to Potomac. *Ex. 4,* Declaration of Anna Collins at ¶ 11.

9.      Therefore, Green owes Potomac the damages incurred by Potomac at the time of foreclosure, and which Potomac continues to incur, as set

forth below and as provided by the Note, Mortgage, Guaranty and other Loan Documents. *Ex. 4*, Declaration of Anna Collins at ¶ 12.

10.    Said damages include a deficiency balance of $3,265,000 accrued and unpaid interest and fees beginning on the date of default through March 31, 2008 in the amount of $1,143,532.24, future accruals of interest beginning on April 1, 2008 in the amount provided by the Loan Documents, plus reasonable attorney's fees in the amount of 15% of the foregoing total balance and plus costs of court, as called for by the Loan Documents. *Ex. 4*, Declaration of Anna Collins at ¶ 13.

11.    Said damages further include costs and fees which Potomac incurred after the date of the foreclosure to carry on the operations of the residential apartments at the Property in the amount of $511,049.71. *Ex. 4*, Declaration of Anna Collins at ¶ 14.

12.    In addition to the breaches of the Note, Mortgage, and Guaranty set forth above, Green further breached the Loan Documents without cause or justification by, among other things, failing to ensure against the commission of physical waste in and to the Property and by failing to collect and remit rents for residential apartment units within the Property to Potomac as required by the Loan Documents. *Ex. 4*, Declaration of Anna Collins at ¶ 15.

13. Indeed, Green caused or failed to prevent significant waste which substantially damaged the condition and habitability of some or all of the Property prior to Potomac's foreclosure. *Ex. 4*, Declaration of Anna Collins at ¶ 16.

14. As a natural, proximate, and direct result of Green's breaches of the Guaranty, Potomac has been damaged and continues to incur damages. *Ex. 4*, Declaration of Anna Collins at ¶ 17.

15. Said damages include $288,809.50 of rents and leases which Green failed to collect and remit to Potomac when due and owing pursuant to the Loan Documents and $4,606,810.00 in costs which Potomac has incurred and continues to incur to restore some or all of the Property to a habitable condition by repairing the significant physical waste which Green caused or permitted to be caused to the Property. *Ex. 4*, Declaration of Anna Collins at ¶ 18.

16. Therefore, the total amount Green owes Potomac is $9,815,201.45, plus future accruals of interest from April 1, 2008 at the rate provided by the Loan Documents, plus future carry casts from July 26, 2008, plus reasonable attorney's fees in the amount of 15% of the foregoing total balance due, plus costs of Court as provided by the Guaranty and Loan Documents, and plus Post-Judgment interest until paid in full. *Ex. 4*, Declaration of Anna Collins at ¶ 19.

## ARGUMENT

### I.  The Summary Judgment Standard.

Summary judgment is appropriate where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The moving party must initially advance a showing that "there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). An issue of fact is "genuine" only if "a reasonable trier of fact, considering the record evidence, could find for the non-moving party." *Lee v. Etowah Co. Bd. of Educ.*, 963 F.2d 1416, 1425 (11th Cir. 1992).

Once the movant meets this burden, the non-movant must then establish a genuine issue of material fact, as determined by an examination of the substantive law. *Irby v. Bittick*, 44 F.3d 949, 953 (11th Cir. 1995). In determining whether the non-movant has satisfied this burden, all doubts are to be resolved in favor of the non-moving party. *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1528 (11th Cir. 1988).

As the movant for summary judgment, Potomac satisfies its initial burden through this properly-supported Motion. As a matter of law, Green is

unable to rebut this Motion because genuine issues of material fact do not exist. Accordingly, Potomac is entitled to the entry of judgment as a matter of law.

II.  **Potomac is entitled to Summary Judgment on its Claims for Deficiency and Physical Waste to the Property because it is Undisputed that Gaslight Breached its Contract with Potomac.**

Because jurisdiction exists in this Court through diversity, the *Erie* doctrine mandates that federal procedural law and state substantive law govern all issues. *National Distillers And Chemical Corporation, v. Brad's Machine Products, Inc.*, 666 F.2d 492 (11th Cir. 1982) ("*Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938), requires that federal courts in diversity cases apply the substantive law of the states. Federal law, however, applies to procedural questions, with certain exceptions").

To be entitled to summary judgment on a breach of contract claim under Alabama law, the moving party must establish: "(1) the existence of a valid contract binding the parties in the action, (2) [its] own performance under that contract, (3) the defendant's nonperformance and (4) damages." *Childersburg Bancorporation, Inc., v. People State Bank of Commerce*, 962 So. 2d 248 (Ala. Civ. App. 2006) (citations omitted).

Potomac has established all elements through the Declaration of Anna Collins, attached as Exhibit 4 to Potomac's Evidentiary Submission. Specifically, it is undisputed that Potomac, Gaslight and Green entered into and executed valid,

binding, and enforceable written contracts relating to Potomac's financing of this loan transaction. It is also undisputed that Gaslight and Green defaulted on their obligations under the Loan Documents, and that as a direct and proximate consequence of those uncured events of default, Potomac lawfully foreclosed its interest in and to the Property pursuant to the Mortgage. Neither Gaslight nor Green objected to that foreclosure, or to the precedent notices of default.

It is further undisputed that Potomac has incurred and continues to incur millions of dollars of damage caused by Green's breach of the Loan Documents. The waste Green caused or allowed to be caused to the Property resulted in a diminished value of the Property at the time of foreclosure, resulting in a deficiency balance, as well as requiring many hundreds of thousands of dollars to repair.

Thus, through non-payment and waste, Green has damaged Potomac as a natural and proximate result of his breaches of valid contracts. Green cannot rebut these undisputed facts to avoid summary judgment. Consequently, Potomac is entitled to judgment as a matter of law.

The Alabama Supreme Court reached the same result in *Gabrielson v. Healthcorp of Eufaula, Inc.*, 628 So. 2d 411 (Ala. 1993), in an analogous factual setting:

This Court stated in *P & S Business, Inc. v. South Central Bell Telephone Co.*, 466 So. 2d 928, 931-32 (Ala.1985):

> **"Summary judgment is appropriate in a breach of contract action where the contract is unambiguous and the facts undisputed.** In *Food Service Distributors, Inc. v. Barber*, 429 So. 2d 1025, 1028 (Ala.1983), the Court stated:
>
>> " 'The decision whether a contract provision is or is not ambiguous is a question of law for the trial court.... Food Service alleges that the ambiguity arises through its understanding of the termination provision. On the contrary, **it is well settled that the words of a contract are to be given their ordinary meaning, and the intention of the parties is to be derived from the provisions of the contract itself.... If the court finds as a matter of law that a contract is unambiguous, then the construction and legal effect of that contract are a determination that may be appropriately made by summary judgment.'** (Citations omitted.)"
>
> In accordance with the 1986 addendum, Gabrielson borrowed $25,000 from National Healthcare and agreed to repay that amount with interest at 8%. National Healthcare assigned the debt to Healthcorp in July 1989. **Gabrielson was indebted to Healthcorp, and his failure to pay the debt constituted a breach of contract. Therefore, the summary judgment was proper as to the contract claim.**

*Gabrielson v. Healthcorp of Eufaula, Inc.*, 628 So. 2d 411, 415 (Ala. 1993) (emphasis added).

In this case, the Note is unambiguous and the facts are undisputed. The Defendant breached his contractual obligations, including his failure to make payments as the same became due and payable under the Note and Guaranty. These events of default entitle Potomac to all remedies provided by the Loan Documents, including the Note and Guaranty, as well as pursuant to Alabama law. Consequently, summary judgment is warranted.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Potomac Realty Capital, LLC, respectfully requests that this Court will enter a summary judgment in favor of Potomac, granting Potomac the full relief requested in its Amended Complaint, along with such additional and appropriate relief to which it is entitled.

>Respectfully submitted,
>
>/s/ Kerry P. McInerney
>Kerry P. McInerney (ASB 7857-N75K)
>Robin L. Beardsley (ASB 7270-I63B)
>Attorneys for Plaintiff,
>Potomac Realty Capital, LLC

OF COUNSEL:

Sirote & Permutt, P.C.
2311 Highland Avenue South
Birmingham, Alabama 35205
(205) 930-5100 (Telephone)
(205) 930-5101 (Facsimile)
kmcinerney@sirote.com
rbeardsley@sirote.com

## **CERTIFICATE OF SERVICE**

I hereby certify on this 21st day of August, 2008, that I have electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

Mary Green, as Guardian and Personal
 Representative of Steven Green, an individual
c/o John Murray, Esq.
Steckler, Gutman, Morrissey & Murray
11 Edgewood Lane
Purchase, NY  10577

Paul Anthony Clark
Joseph Seawell Moore
Balch & Bingham LLP
Post Office Box 78
Montgomery, AL 36101-0078
(334) 834-6500
(334) 269-3115 (fax)

                                    /s/ Kerry P. McInerney
                                    OF COUNSEL